## SUPREME COURT.

### Sands Administrator agt. Sands.

Where the plaintiff set forth nineteen different claims against the defendant and demanded judgment for $3000; and on a reference, it appeared that a portion of the claims were unfounded, and the referee reported $1161·02 due the plaintiff, *held*, that the plaintiff was not entitled to a *per centage*, by way of indemnity, although it appeared that the hearing consumed a portion of four days.

If the trial was of extraordinary length, it was made so, by causes, for which the defendant was not alone responsible.

(*There are a variety of opinions and decisions upon this question of the allowance of a per centage by way of indemnity in difficult and extraordinary cases. The decisions reported are principally referred to in this opinion.*)

*Tompkins Special Term, March* 1852. The plaintiff in her complaint set forth nineteen different claims against the defendant, for which she demanded judgment for $3000 besides costs. After issue joined the cause was referred and tried before a referee; a part of each of four days was consumed in the trial, but the whole time actually spent would not exceed two days if the same number of hours in each day had been devoted to the trial that is usually devoted to the trial of causes at the circuit. The referee reported that the sum of $1161·02 was due from the defendant to the plaintiff, upon which the plaintiff asks a per centage. The litigation so far as it related to one claim of $800, constituting a part of the amount reported due, rested solely upon

the testimony of two witnesses introduced by the plaintiff, whose testimony the defendant did not seek to contradict or explain; and in relation to two other claims, one of $118·67, and another of $10·58, no evidence was introduced except on the part of the plaintiff; after hearing which the defendant's counsel conceded these two items to be legal demands against the defendant. The residue of the time was consumed in litigating some eleven different claims made by the plaintiff against the defendant, amounting in all to about $500, the greatest number of which, amounting to about $350, were disallowed by the referee. The entire defence was shown to have been interposed in good faith.

GORDON & EDGERTON, *for the Motion.*

A. & R. PARKER, *Contra.*

H. GRAY, Justice.—I am referred to the cases of Dykman agt. McDonald (5 *How. Pr. R.* 121) and Niver agt. Rossman (*id.* 153) as authority for granting this motion. The decisions of these cases, it seems to me, could only have been warranted by the passage of the law as it was originally introduced; then the court in its discretion might have allowed a per centage upon the amount of the recovery in any case where a trial was had. The amendment to this proposition adopted by the legislature, very clearly shows that it was their intention to discriminate between litigated cases and limit the allowance to those only that are comparatively difficult or extraordinary and so the statute has been construed since the decision of the cases referred to (Fox agt. Gould, 5 *How. Pr. R.* 278; Dexter agt. Gardner, *id.* 440), and even this discretion as is intimated in Hall agt. Prentice, (3 *How. Pr. R.* 128); Sacket agt. Ball, (4 *id.* 71,) and Gould agt. Chapin, is of doubtful expediency, no uniform rule can be arrived at. Justices of the same district have in similar cases, differed not only upon the question of allowance, but upon its amount, and in different districts different opinions exist, in relation to what are difficult or extraordinary cases, and the disparity in the amount allowed, alone renders the administration of justice in this respect inharmonious.

There is no pretence that in the case under consideration any difficult question arose upon the trial, or that there was any thing

Sands agt. Sands.

to distinguish it from an ordinary litigation, except the time consumed in its trial.   If the controversy had been limited to three items of the plaintiff's demand, constituting. $929·25 of the amount embraced in the report, the trial would not have assumed the character of being extraordinary even for its length.   It was not the intention of the law, giving to the court a discretion to allow a per centage by way of indemnity against the expenses of an extraordinary trial, that it should be given upon a large and easily established claim, where the trial has been rendered extraordinary solely by the time consumed in litigating the right to recover smaller ones in no way connected with or arising out of it.   If the trial was of extraordinary length it was made so by causes for which the defendant was not alone responsible, it was by common consent dilatory, and for that reason consumed much more time than was necessary.   Several claims put forth by the plaintiff were rejected by the referee; the time wasted in litigating these unfounded claims also added to the length of the trial.   For the successful resistance of them the law affords the defendant no indemnity for the expenses incident to their litigation.   If, therefore, the time actually devoted to the trial of the cause would entitle it to be regarded as an extraordinary trial, the plaintiff contributed essentially to make it so, by an effort to establish unjust demands against the defendant, and hence ought not to be allowed a per centage upon the amount recovered.   The motion must be denied.